IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| JOHNNY W. LIGGINS,<br>TDCJ ID No. 1425548,<br>SID No. 5272247, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO.<br>1:14-CV-00068-C |
| RICHARD LEAL, et al., | )<br>) | |
| Defendants. | ) | ECF |

## ORDER

Plaintiff Johnny W. Liggins, acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on April 21, 2014, and was subsequently granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). Plaintiff alleges that Defendants Richard Leal, Shannon Parker, FNU Calhoun, FNU Bennett, FNU Osborne, and John Does 1-3 were involved either directly or "implicitly" in an allegedly unconstitutional strip search and the seizure and/or destruction of personal property on September 3, 2012, on 7 Building H Wing 3 Section of the Texas Department of Criminal Justice ("TDCJ") French Robertson Unit. The Defendants have not filed an answer.

On May 20, 2014, the complaint was transferred to the docket of the United States Magistrate Judge, who conducted an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179, 181-82 (5th Cir. 1998), on November 13, 2014. Because Plaintiff failed to consent to the jurisdiction of the Magistrate Judge, he completed the preliminary screening pursuant to 28 U.S.C. §§ 1915 and 1915A, filed a Report and Recommendation on February 25, 2015, and transferred the complaint back to this Court. Plaintiff filed objections to the Report and Recommendation on March 27, 2015.

The undersigned District Judge has made an independent examination of the record in this case and finds that Plaintiff's objections should be overruled and the Magistrate Judge's findings and conclusions should be ADOPTED.

In addition, the Court notes that Plaintiff's complaints regarding alleged failures to follow TDCJ policies and procedures, "without more, do[ ] not constitute evidence of a constitutional violation." *Gonzalez v. Jordan,* 600 Fed. Appx. 260, 261 (5th Cir. 2015) (citation omitted).

It is, therefore, **ORDERED**:

1. All claims alleged in Civil Action No. 1:14-CV-00068-C for the confiscation and/or destruction of personal property and the use of contaminated gloves in searches of property and/or clothing are DISMISSED with prejudice as frivolous and for failure to state a claim.

2. All claims alleged in Civil Action No. 1:14-CV-00068-C against Defendants Richard Leal, FNU Bennett, FNU Osborne, and John Does 1-3 for the strip search on September 3, 2012, are DISMISSED with prejudice as frivolous and for failure to state a claim.

3. Defendants Shannon Parker and FNU Calhoun shall each file a written answer or other responsive pleading within thirty (30) days from the date the Inmate Litigation Coordinator receives this Order.

4. A copy of this Order and Plaintiff's complaint shall be mailed to the Inmate Litigation Coordinator, Enforcement Division, P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, by certified mail, return receipt requested.

5. The partial dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.")

(emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

6.  Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated August 14, 2015.

_____
SAM R. CUMMINGS
Senior United States District Judge